# EXHIBIT B

| | |
|---|---|
| THE MAIN STREET AMERICA GROUP   *<br>to its own use and the use of Mary Castle - Horn<br>c/o CRAIG/IS, Ltd.                        *<br>225 Water Street, Suite 1700<br>Jacksonville, FL 32202                          *<br>Canton, OH 44702,<br>                                                            *<br>            Plaintiff,<br>                                                            *<br>vs.<br>                                                            *<br>SEARS, ROEBUCK AND COMPANY<br>568E Eastern Territory                          *<br>Philadelphia, PA 19139,<br>                                                            *<br>and<br>                                                            *<br>ELECTROLUX, INC.<br>1201 Peachtree St., N.E.                       *<br>Atlanta, GA 30361,<br>                                                            *<br>            Defendants. | IN THE<br><br>CIRCUIT COURT<br><br>CIRCUIT COURT<br><br>FOR<br><br>WASHINGTON COUNTY<br><br>CASE NO.: |

*       *       *       *       *

## COMPLAINT

Comes now, The Main Street America Group ("MSA") to their own use and the use of Mary Castle – Horn ("Castle – Horn") by its undersigned attorney and brings this Complaint against Sears, Roebuck & Company and Electrolux, Inc., and says:

### Venue and Jurisdiction

1.      This Court has venue and jurisdiction over these proceedings pursuant to Md. Cts. & Jud. Proc. Code Anno., Section 6-102 and 6-201.

### The Parties

2.      The Main Street America Group is a corporation authorized to provide insurance coverage in the State of Maryland.

3.      Sears, Roebuck & Company ("Sears") is a New York Corporation qualified to do business in the State of Maryland.

4. Electrolux, Inc. ("Electrolux") is a Georgia corporation with its principal location being 1201 Peachtree Street, N.E., Atlanta, GA 30361.

## Count I

1. All of the events that are the subject of this Complaint occurred on or about November 12, 2007 in Clear Spring, Washington County, State of Maryland.

2. Upon information and belief, Defendant Sears, Roebuck & Company, is an entity engaged in the business of selling Sears Kenmore upright freezers.

3. Upon information and belief, Defendant, Sears, Roebuck & Company is a foreign corporation authorized to do business in the state of Maryland.

4. Upon information and belief, Defendant Electrolux, Inc. is a foreign corporation authorized to do business in the state of Maryland.

5. Upon information and belief, Defendant, Electrolux, Inc. is an entity engaged in the business of manufacturing Sears Kenmore upright freezers.

6. The Main Street America Group insured Castle – Horn for property damage to 14702 St. Paul Road, Clear Spring, MD 21722.

7. Castle – Horn purchased in Maryland from the Defendant Sears, Roebuck & Company a Sears Kenmore upright freezer for use in a home she owns in Clear Spring, Maryland.

8. Upon information and belief, the Sears Kenmore upright freezer in question and its component part(s) were designed, manufactured, formulated, produced, created, made, constructed, assembled, and/or rebuilt by Defendant Electrolux, Inc.

9. As a direct and proximate result of Defendant, Electrolux, Inc.'s negligent manufacture and defects of the Sears Kenmore upright freezer and/or its component part(s), damage occurred to the property referenced herein in a fire originating in the Sears Kenmore upright freezer.

10. As a direct and proximate result of Defendant Electrolux, Inc. and Defendant Sears, Roebuck & Company's actions and defects as described, Castle – Horn's property was damaged in the amount of $192,069.92.

WHEREFORE, Count I of this Complaint is brought and The Main Street America Group seeks judgment in the amount of $192,062.92 plus costs against Defendant Sears, Roebuck & Company and Defendant Electrolux, Inc.

### Count II

11. The facts and allegations set forth in Paragraph 1 through 10 above and inclusive are realleged and incorporated into this Count as though fully set forth herein.

12. Defendant Sears Roebuck & Company is a supplier that sold, distributed, or otherwise participated in placing the Sears Kenmore upright freezer in the stream of commerce.

13. Defendant Sears, Roebuck & Company failed to provide adequate instructions, to warn Castle – Horn that the Sears Kenmore upright freezer had a tendency to malfunction during use, and failed to inspect the Sears Kenmore upright freezer subsequent to its manufacture.

14. Plaintiff The Main Street America Group compensated its insured Castle-Horn for her lost, thereby becoming subrogated to her rights and claims in this action.

WHEREFORE, Count II of this Complaint is brought and The Main Street America Group seeks judgment in the amount of $192,069.92 plus costs against Defendant Sears, Roebuck & Company and Defendant Electrolux, Inc.

### Count III

15. The facts and allegations set forth in Paragraph 1 through 14 above and inclusive are realleged and incorporated into this Count as though fully set forth herein.

16. Upon information and belief, the Sears Kenmore upright freezer and/or its component part(s) manufactured and/or sold by Defendant Sears, Roebuck & Company and/or Defendant Electrolux, Inc. were not merchantable and were not fit for its intended use;

furthermore, Defendant Sears Roebuck & Company and/or Defendant Electrolux, Inc. knew or should have known that the Sears Kenmore upright freezer and/or its component part(s) was not merchantable and were unfit for its intended use. Therefore, Defendant Sears Roebuck & Company and Defendant Electrolux, Inc. breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose of the Sears Kenmore upright freezer and/or its component part(s).

17. As a direct result of Defendant Sears, Roebuck & Company and/or Defendant Electrolux, Inc.'s breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, a loss occurred to Castle-Horn's property.

18. As a result of Defendant Sears, Roebuck & Company and/or Defendant Electrolux, Inc.'s breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, Plaintiff paid the damages referenced herein and became subrogated to the rights of its insured.

WHEREFORE, Count III of this Complaint is brought and The Main Street America Group seeks judgment in the amount of $192,069.92 plus costs against Defendant Sears, Roebuck & Company and Defendant Electrolux, Inc.

### Count IV

19. The facts and allegations set forth in Paragraph 1 through 18 above and inclusive are realleged and incorporated into this Court as though fully set forth herein.

20. Upon information and belief, said Sears Kenmore upright freezer and/or its component part(s) were negligently manufactured and/or sold by Defendant Sears, Roebuck & Company and/or Defendant Electrolux, Inc.

21. As a direct result of the defective Sears Kenmore upright freezer and/or its components, Castle-Horn's property was damaged in the amount described herein.

WHEREFORE, Count IV of this Complaint is brought and The Main Street America Group seeks judgment in the amount of $192,069.92 plus costs against Defendant Sears, Roebuck & Company and Defendant Electrolux, Inc.

Respectfully submitted,

JOSEF E. ROSENBLATT, ESQUIRE
Kenneth J. Breitbart & Assoc., P.A.
10 N. Calvert Street, Suite 100
Baltimore, MD 21202
(410)539-4554/FAX: (410) 539-2602
Attorneys for the Plaintiff